845 A.2d 164 (2004)
368 N.J. Super. 9
Marcella HUTCHENS, Petitioner-Appellant,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR, Respondent-Respondent,
and
Motor Systems Corp., Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted March 9, 2004.
Decided March 29, 2004.
*165 Marcella Hutchens, appellant pro se.
Peter C. Harvey, Attorney General, attorney for respondent Board of Review (Michael J. Haas, Assistant Attorney General, and John C. Turi, Deputy Attorney General, of counsel; Mr. Turi, on the brief).
Before Judges CIANCIA, ALLEY and PARKER.
The opinion of the court was delivered by
ALLEY, J.A.D.
Petitioner, Marcella Hutchens, appeals from a final Board of Review decision dated March 12, 2003, affirming the Appeal Tribunal and holding her to be disqualified for unemployment compensation benefits. In reaching its decision, the Board adopted the determination of the Appeal Tribunal which found that petitioner had left her employment, in the statutory language, "voluntarily for personal reasons not attributable to such work," N.J.S.A. 43:21-5(a), and was therefore ineligible for the benefits she had sought.
Petitioner worked as a receptionist for Motion Systems Corp. from August 3, 1999, to January 12, 2002. At the evidentiary hearing before an Appeals Examiner on January 6, 2003, she testified that she had requested that the employer allow her time off to care for her ill parents. She acknowledged, however, that she did not specifically request leave from her job pursuant to the terms of the federal Family and Medical Leave Act (FMLA), 29 U.S.C.A. § 2601 et. seq., stating that she was unaware of the federal statute at the time of her request.
The record is deficient in a material respect, because the decisions of the Deputy Director, the Appeal Tribunal, and the Board of Review, as well as the testimony, have not resolved a significant issue. The issue is whether petitioner, in advance of leaving her job, made known to the employer that she was requesting leave to take care of her ill parents. The Deputy *166 Director's decision did not specifically address that issue, although it acknowledged, "You left your job voluntarily because of a family problem." The Appeal Tribunal likewise stated that she left work "to care for her ill parents." We conclude from these findings that the Appeal Tribunal in essence determined that petitioner's reasons for seeking leave were factual and bona fide.
The difficulty is that none of this tells us whether she communicated to the employer in advance of leaving that she needed the time off to care for her parents. On review, the Appeal Tribunal stated that "she did not apply for a leave of absence prior to leaving" and that her "contention that she was denied family medical leave is rejected in view of the fact that she did not apply for leave prior to her leaving." We are left uninformed by these findings whether the agency found only that petitioner did not invoke the federal FMLA in so many words, or whether it found that she did not apply for leave at all, or whether she applied for leave without making known the purpose of her request.
The testimony of petitioner and of the employer's witness, Thomas Putnam, at the hearing is not fully illuminating on the point. Thus, the latter testified that petitioner did not request a reduced schedule "through me" but his testimony left open the possibility that she might have done so through someone else at the company. Petitioner testified unequivocally that the company was "aware of my family's situation" and that she had "specifically said to Mr. Putnam my reasons for leaving about my family." But when Putnam was asked whether, if petitioner "had applied for family medical leave, would you have allowed her to take it?" his testimony was also unequivocal: "Yes. I have no choice. It is the law." Asked whether petitioner had applied for a leave of absence as of the date she had left her employment, he answered flatly, "No."
In Gerber v. Board of Review, 313 N.J.Super. 37, 39, 712 A.2d 688, 689 (App. Div.1998), we concluded that the finding that the petitioner's reason for leaving employment in that case did not "constitute `good cause attributable to [the] work' ... [was] sufficiently supported by credible evidence in the record to require our deference...," citing Self v. Board of Review, 91 N.J. 453, 459, 453 A.2d 170, 173 (1982). As we also noted in Gerber, "[d]eference to agency determinations is especially appropriate where the agency's decision is informed by its subject matter expertise in the area delegated by the Legislature." Id. at 40, 712 A.2d at 690.
In contrast, the state of the present record compels a different result. In the absence of a determination by the agency regarding the question of fact we have highlighted, we are unable to conclude here that the decisional rationale that was employed by the Appeal Tribunal and affirmed by the Board of Review is supportable. If petitioner was, as she contends, qualified for leave under the federal FMLA, the agency cannot deny benefits on the basis of N.J.S.A. 43:21-5(a), assuming that she had requested leave from the employer and the employer was aware that the request was occasioned by her need to take care of her ill parents, merely because she did not invoke the federal statute in so many words.
Indeed, such a position would be inconsistent with the standards for notice under the New Jersey Family Leave Act (FLA), N.J.S.A. 34:11B-1 to -16, as well as the federal statute. With respect to the specificity of notice to the employer under the FLA, we held in D'Alia v. Allied-Signal Corp., 260 N.J.Super. 1, 9, 614 A.2d 1355, 1359 (App.Div.1992), that:

*167 [t]he judge focused too narrowly on the question of plaintiff's intention in determining whether the notice she provided to defendant was sufficient to invoke her rights under the Act. Instead, the appropriate inquiry was whether the information given was sufficient to alert defendant of plaintiff's plan to take time off for a purpose delineated by the Act. We deem the notice provision satisfied where the employee requests a leave of absence for any of the reasons identified in N.J.S.A. 34:11B-3i. In other words, an employer must grant an employee all of the rights accorded by the statute once the employee apprises it of his or her desire to take a family leave because of (1) the birth or adoption of a child, or (2) the serious health condition of a family member. The function of notice is to enable the employer to plan for the employee's absence and ultimate return. The precise form in which this information is conveyed is not dispositive and there are no magic words that must be used. Rather, the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a reason specified in N.J.S.A. 34:11B-3.
Thus, as we made clear in D'Alia, employees are not required to possess "encyclopedic knowledge of their legal rights in order to invoke the benefits of family leave," but rather, the court should focus on "the employer and its obligations." Id. at 9-10, 614 A.2d at 1359.
This interpretation accords with the standards for notice under the federal FMLA, supra. Thus, as is provided in a regulation that implements that statute, 29 C.F.R. § 825.302(c):
An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave. The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed for an expected birth or adoption, for example. The employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken. In the case of medical conditions, the employer may find it necessary to inquire further to determine if the leave is because of a serious health condition and may request medical certification to support the need for such leave (see § 825.305).
Notice is adequate under section 825.302(c) when the employee provides enough information to alert the employer of the need for FMLA leave. Browning v. Liberty Mut. Ins. Co., 178 F.3d 1043, 1049 (8th Cir.), cert. denied, 528 U.S. 1050, 120 S.Ct. 588, 145 L.Ed.2d 489 (1999); Stoops v. One Call Communications, Inc., 141 F.3d 309, 312 (7th Cir.1998); Brohm v. JH Properties, Inc., 149 F.3d 517, 523 (6th Cir.1998); Manuel v. Westlake Polymers Corp., 66 F.3d 758, 764 (5th Cir.1995). If an employer requires more information to determine "whether FMLA leave is being requested or any other ambiguity in the employee's request for leave, the burden shifts to the employer to determine if the leave requested is FMLA qualifying by inquiring further." Wilson v. Lemington Home for the Aged, 159 F.Supp.2d 186, 192 (W.D.Pa.2001); see also Browning, supra, 178 F.3d at 1049 (observing that an employer's duties are triggered under the FMLA when an employee provides information sufficient to put the employer on notice of the need for FMLA leave). Once circumstances indicate that an employee is entitled to FMLA leave, "the *168 employer has an obligation to inquire further in order to ascertain the specific details." Williams v. Shenango, Inc., 986 F.Supp. 309, 320 (W.D.Pa.1997).
We are, on the present record, unable to ascertain whether or not the agency incorrectly assumed that a more stringent family leave notice requirement existed, whether it overlooked the need to make a finding about the sufficiency of petitioner's notice to her employer, or whether it doubted petitioner's credibility when she testified that she made her reasons known to the employer. We note, however, that the testimony of the employer representative amounts to an admission of petitioner's entitlement to federal FMLA benefits, assuming she gave adequate notice. Accordingly, we reverse the decision of the Board of Review and remand to the agency so that consistent with this opinion a further hearing can be held and factual determinations can be made with respect to the pivotal questions that we have identified above.
Reversed and remanded.